# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jeana Stegman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:16-cv-79 |
| ) | |
| Holiday Inn, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |

Plaintiff Jeana Stegman, who is proceeding pro se and in forma pauperis, filed a complaint against her former employer, the Holiday Inn, alleging employment-related claims of disability discrimination, age discrimination, sexual harassment, unpaid off-the-clock work, improper tip-pooling, and retaliation. (Doc. #4). After initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court permitted Stegman to proceed with her claims. (See Doc. #7).

The defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 37(d), asserting that Stegman has failed to respond to discovery requests. (Doc. #32). Stegman has not responded to the defendant's motion, and the time to do so has passed. Under Civil Local Rule 7.1(F), a party's failure to respond to a motion within the time allowed can be deemed an admission that the motion is well taken. Since Stegman has not timely responded, the defendant's motion could be granted for that reason alone. The court will nevertheless consider the merits of the motion.

## Summary of Recommendation

Stegman willfully violated a court order requiring her to respond to discovery requests, and that violation prejudiced the defendant. It is therefore recommended that

the defendant's motion to dismiss be granted and that Stegman's complaint be dismissed. However, since other circumstances make an award of attorney's fees unjust, it is recommended that defendant's motion for attorney's fees be denied.

## Background[1]

Stegman and defense counsel have appeared in person at three conferences with the court.[2] The first, on October 26, 2016, was a scheduling conference. Defense counsel advised the court that he had been unable to contact Stegman prior to the conference, although he had left a voice message and had mailed a proposed scheduling plan to her. The court explained to Stegman the importance of communication, discussed defense counsel's proposed scheduling plan, and discussed Federal Rule of Civil Procedure 26(a)(1)'s requirements.

After the scheduling conference, the court entered a Scheduling Order consistent with that discussed at the conference. The Scheduling Order provided that the parties had until November 22, 2016, to make Rule 26(a)(1) disclosures and until March 15, 2017, to complete fact discovery. (Doc. #19). The court also scheduled a mid-discovery status conference for February 10, 2017. (Doc. #22). Stegman did not appear at the February 10th conference, so the court rescheduled it for February 17, 2017. (Doc. #25).

At the February 17th status conference, defense counsel advised the court that Stegman had not made her Rule 26(a)(1) disclosures and that no discovery had been conducted. The court provided Stegman with a copy of the Scheduling Order, again

---

[1] In preparing the report and recommendation, the court has reviewed all recordings of conferences which are discussed in the report and recommendation.

[2] Defense counsel appeared for four conferences, including one at which Stegman did not appear.

discussed Rule 26(a)(1)'s requirements, extended Stegman's deadline to make her Rule 26(a)(1) disclosures, extended the parties' discovery deadline to April 1, 2017, explained that any discovery requests needed to be served thirty days prior to the April 1, 2017 discovery deadline, and ensured that Stegman understood the requirements. The court also advised Stegman that if she did not make her Rule 26(a)(1) disclosures, defense counsel might request sanctions. Following the February 17th conference, the court entered an order extending Stegman's Rule 26(a)(1) disclosure deadline[3] and the parties' discovery deadline. (See Doc. #28).

In May 2017, defense counsel requested a status conference regarding a discovery dispute, and the court held that conference on May 19, 2017. At that conference, defense counsel advised the court that on March 2, 2017, he had served interrogatories and a request for production of documents on Stegman. Having received no responses, defense counsel stated that he left Stegman a voice message on May 9, 2017, explaining that the responses were overdue but that he would allow her until May 12, 2017, to respond to the discovery requests. He further stated that Stegman contacted him on May 15, 2017, and that "she alluded to withdrawing her claim." During the May 19, 2017 conference, Stegman advised the court that she had been evicted from her home and explained that health issues impacted her ability to respond to the discovery requests. She also indicated that she was unsure whether she wanted to continue with the case. The court explained to Stegman that if she wanted to proceed with her claims, she had to respond to the defendant's discovery requests. The court ordered that Stegman

---

[3] At a May 19, 2017 status conference regarding a discovery dispute, defense counsel confirmed that Stegman had made her Rule 26(a)(1) disclosures.

respond to the interrogatories and request for production of documents by June 1, 2017. The court advised Stegman twice during the conference that if she did not respond to the discovery requests, defense counsel might file a motion to dismiss the case.

The defendant filed its motion to dismiss on June 9, 2017. In an affidavit, defense counsel states that he has not received any discovery responses from Stegman. (Doc. #36, p. 2). He also states that Stegman emailed on June 5, 2017, stating that she was still uncertain whether to proceed with the case, but that she would respond to the discovery requests that day. Id.; (see also Doc. #36-3) (Stegman's email to defense counsel stating she was "still thinking of withdrawing," that she was "having some difficulty with [the] paperwork questions," and that she "will have it to him today the best [she] can for what its worth."). According to defense counsel's affidavit, she did not follow through with that promise. (Doc. #36, p. 2). The defendant requests that the case be dismissed pursuant to Federal Rule of Civil Procedure 37(d) and further requests an award of attorney's fees in the amount of $1300. (Doc. #32).

The court does not have a current mailing address for Stegman. At the February 17th status conference, Stegman discussed difficulties receiving mail. She stated that she planned to obtain a post office box and provide that information to the court. But, she never provided that information. At the May 19th conference, Stegman stated that she was "basically homeless." The post office returned to the court a letter and two recent court orders that the Clerk had mailed to Stegman at her last known residential address.[4] (See Doc. #38; Doc. #40). But, it appears that Stegman communicates by

---

[4] A Deputy Clerk advised the court that she called Stegman twice to obtain an updated address and that she left a voice mail on one occasion, but Stegman has not

4

email, evidenced by her June 5th email to defense counsel. (See Doc. #66-3). The defendant mailed its motion to dismiss to Stegman's last known residential address and to her email address. (Doc. #35). Although Stegman may not have received the defendant's motion by postal mail, she likely would have received it by email.

## Law and Discussion

Federal Rules of Civil Procedure 37(d) and 37(b)(2)(A)(v) allow for a sanction of dismissal when a party fails to respond to interrogatories or requests for production of documents. The Eighth Circuit has repeatedly described dismissal as an "extreme," though sometimes justified sanction for failure to fulfill discovery obligations. E.g., Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997); Reehten v. Mayberry, No. 4:10CV2159, 2012 WL 5471221, at *2 (E.D. Mo. Nov. 9, 2012). A sanction of dismissal is justified if there has been (1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other party. Sentis Group, Inc. v. Shell Oil Co., 559 F.3d 888, 899 (8th Cir. 2009).

The court throughly explained to Stegman the discovery requirements at the October 26, 2016 scheduling conference, at the February 17, 2017 mid-discovery status conference, and at the May 19, 2017 discovery dispute conference. The court extended two deadlines to accommodate Stegman's noncompliance with the scheduling order. Additionally, at the May 19th conference, the court ordered Stegman to produce the requested discovery by June 1, 2017, and twice advised her that the case might be dismissed if she failed to comply with the discovery requests and the court's order.

---

contacted the Clerk's Office to update her address.

Despite the court's efforts and warnings, Stegman has completely failed to respond to the discovery requests and has willfully failed to comply with this court's order. Her failure to engage in the discovery process has delayed progression of the litigation, has prevented the defendant from thoroughly assessing Stegman's claims and preparing its defenses, and has caused the defendant expenses. Additionally, Stegman has not responded to the defendant's motion to dismiss and has had no contact with the court since the May 19th conference. She has demonstrated no intent to prosecute her claims. Thus, the district judge should grant the defendant's motion to dismiss.

The defendant requests $1300 in attorney's fees, representing five hours of defense counsel's work in connection with the motion to dismiss, at an hourly rate of $260. Federal Rule of Civil Procedure 37(d)(2) provides that "the court must require the party failing to act . . . to pay reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or <u>other circumstances make an award of expenses unjust</u>." (Emphasis added).

Stegman, who is proceeding in forma pauperis, stated at the May 19th conference that she had been evicted from her home and is currently homeless, and she further stated that her health issues impacted her ability to fully comprehend and respond to the discovery requests. Under these circumstances, an additional sanction of an award of attorney's fees is not warranted. The district judge should therefore deny the defendant's motion for attorney's fees.

## Conclusion

Because Stegman willfully violated a court order requiring her to respond to the defendant's discovery requests and that violation prejudiced the defendant, it is

**RECOMMENDED** that the defendant's motion for dismissal be **GRANTED** and that Stegman's complaint be **DISMISSED**. Since circumstances, including Stegman's financial and health issues, make an award of attorney's fees unjust, it is **RECOMMENDED** that the defendant's motion for attorney's fees be **DENIED**. Because any appeal would be frivolous and could not be taken in good faith, it is further **RECOMMENDED** that the court find that any appeal may not be taken in forma pauperis.

In addition to mailing this Report and Recommendation to Stegman at her last known address, the Clerk is directed to provide a copy to her via email at jeana.js@gmail.com.

Dated this 11th day of July, 2017.

      /s/ Alice R. Senechal
      Alice R. Senechal
      United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT[5]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **July 28, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[5] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.